1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff(s),

    v.

ARTURO GARCIA-GOMEZ,

                Defendant(s).

CASE NO. CR25-0169-KKE

ORDER GRANTING DEFENDANT'S
MOTION TO EXPEDITE SENTENCING

Defendant Arturo Garcia-Gomez, through counsel, filed a motion to waive preparation of a presentence report and to expedite sentencing, following his guilty plea to one felony count of Unlawful Re-Entry by Removed Alien in violation of 8 U.S.C. § 1326(a). Dkt. No. 20. The basis for the motion is that, consistent with Defendant's plea agreement, the parties will recommend a sentence of time served, and Defendant's sentencing guideline range is anticipated to be 0–6 months, regardless of his criminal history category. *Id*. at 1–2. Arguing that every additional day Defendant spends in custody pending sentencing deprives him of the full benefit of his plea agreement, he asks the Court to waive the presentence investigation and the preparation of a presentence report so that his sentencing can be expedited to "the earliest available date that is practicable for the Court and parties." *Id*. at 3.

Probation responded to Defendant's motion, requesting that the Court order Probation to prepare an expedited presentence report to be due in two weeks, one week before a sentencing

1    hearing. Dkt. No. 21. Probation suggests that an expedited report addressing Defendant's criminal

2    history would provide relevant and necessary information for sentencing. *Id*.

3            The Government filed a response to Defendant's motion, indicating that it does not oppose

4    Defendant's motion to expedite the sentencing hearing, nor does it oppose Probation's suggestion

5    that an expedited presentence investigation/report is appropriate. Dkt. No. 22. The Government

6    concurs in Probation's request for an order to prepare an expedited presentence report and

7    reschedule Defendant's sentencing to the week of September 15, 2025, or the week of September

8    22, 2025, with the presentence report due one week before sentencing and the Government's

9    sentencing memorandum due at least three working days later. *Id*. at 5.

10           Defendant filed a reply brief, insisting that even an expedited presentence report is

11   unnecessary because it would not meaningfully contribute to the information available to the

12   Court, and because it would result in Defendant spending additional weeks in custody awaiting

13   sentencing. Dkt. No. 23. Defendant emphasizes that his uncontested criminal history details are

14   already available to the Court in the Pretrial Services report that was prepared before Defendant's

15   detention hearing, and that if there is any other information that is relevant to sentencing, the parties

16   can provide it to the Court. *Id*. at 2.

17           Federal Rule of Criminal Procedure 32(c)(1)(A) and United States Sentencing Guidelines

18   § 6A1.1(b), in combination, express a strong preference for the preparation of a presentence report,

19   yet a defendant may "knowingly waive[ the] right to preparation of a presentence report and ask[]

20   to proceed to sentencing as quickly as possible." *See United States v. Shehadeh*, 962 F.3d 1096,

21   1102 (9th Cir. 2020); *see also Holbrook v. United States*, SAG-21-0223, 2024 WL 3161575, at *3

22   (D. Md. June 25, 2024) (finding effective a defendant's waiver, made under oath, of his right to

23   preparation of a presentence report so that he could be sentenced on the same date as his guilty

24   plea); *United States v. Darby*, No. 2:16CR36, 2017 WL 1135612, at *2 (E.D. Va. March 27, 2017)

(explaining that the court granted defendant's motion to waive the presentence report so that he could proceed to sentencing immediately at the guilty plea hearing); *United States v. King*, No. 12-345-2, 2014 WL 7330456, at *1–4 (E.D. Penn. Dec. 19, 2014) (exercising the court's discretion to dispense with a full presentence report if the court believes it would not be helpful).

The Court finds that waiving the preparation of a presentence report will not deprive it of the information it needs to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. It appears that Defendant's criminal history and applicable Sentencing Guidelines advisory range calculation are uncontested, in the record already, or can be provided by the parties. *See* Dkt. No. 23 at 2. Thus, the Court finds that it is appropriate to dispense with the need for preparation of a presentence report, under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), and to expedite the sentencing hearing.

The Court therefore GRANTS Defendant's motion (Dkt. No. 20), hereby vacating the previous sentencing date of November 10, 2025 (Dkt. No. 16) and re-setting the sentencing hearing for September 4, 2025, at 3 p.m.[1] At that hearing, the Court will confirm with Defendant his intent to waive his right to the preparation of a presentence report, and to waive his right to object to the Court's acceptance of his guilty plea, and proceed thereafter to sentencing. The parties' sentencing memoranda are due on September 2, 2025.

Dated this 27th day of August, 2025.

Kymberly K. Evanson
United States District Judge

---

[1] In the event of an irreconcilable conflict with this date or time, the parties shall contact the Courtroom Deputy at diyana_staples@wawd.uscourts.gov.

ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE SENTENCING - 3